Steven Tyson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

Opinion by Judge MacPhail, August 2, 1984:

Mr. Tyson (Petitioner) appeals from an order of the Board of Probation and Parole (Board) denying him administrative relief. The Board, after a full board hearing, recommitted Petitioner as a technical parole violator to serve eighteen months back time. In its recommitment order, the Board stated that Petitioner had violated conditions 2, 9 and 10 of his parole.

With respect to condition 2 which required him to report to his parole agent as instructed, Petitioner admitted at the hearing that he had not reported to his parole agent on the day he had been ordered to do so. He offered reasons why he had not reported. The Board rejected those reasons and we hold that that was within the proper province of the Board.

Conditions 9 and 10 of Petitioner's parole required that he refrain from possessing firearms and from overt behavior which threatened or presented a clear and present danger to others. With respect to those alleged violations, the parole agent's only evidence was a written statement from one Denise Sheed which statement was read into the record over Petitioner's objection as being hearsay. It does not appear that Ms. Sheed's statement was under oath[1] but it was witnessed by the parole officer. The statement indicated that Petitioner had threatened Ms. Sheed and a neighbor with a gun. The parole agent also read another statement purportedly from Ms. Sheed stating that she would not appear at the Board hearing because she was afraid of Petitioner. The evidence was admitted over objection, the Board finding that the witness's fear was good cause for her non-appearance. On advice of counsel, Petitioner did not testify with respect to conditions 9 and 10.

Petitioner's appeal to this Court is limited to the Board's determination that he violated conditions 9 and 10. Petitioner contends that since the only evidence in support of the violations was hearsay, it must be disregarded; and that the Board's error in this respect constitutes a clear violation of his due process right to confront and cross-examine witnesses against him. The Board counterposes that it had

---

[1] The statement was not offered into evidence and does not constitute a part of the record before us.

good cause to excuse the witness from appearing personally and, in the alternative, since Petitioner admits violating condition 2, the other violations are supererogatory.

A Board regulation, 37 Pa. Code §71.2(16), authorizes the Board to admit hearsay testimony where it finds good cause for a witness's absence. The regulation conforms with the language in *Morrissey v. Brewer,* 408 U.S. 471 (1972), that while the right to confront and cross-examine adverse witnesses is one of the minimum requirements of constitutional due process in parole revocation hearings, that right need not be enforced where the hearing officer specifically finds good cause for not permitting the prisoner to confront the witness against him. That Court noted that good cause may be found where an informant, if identified, might be subjected to the risk of harm. In *Gagnon v. Scarpelli,* 411 U.S. 778 (1973), the U.S. Supreme Court held that it did not intend in *Morrissey* to prohibit the use, where appropriate, of conventional substitutes for live testimony such as affidavits, depositions or documentary evidence. In the Federal courts, the issue of whether a hearsay statement is admissible in parole or probation revocation hearings tends to focus upon the indicia of reliability of the substitute for live testimony. *United States v. Penn,* 721 F.2d 762 (1983).

While in most cases we would defer to the Board's expertise in these matters, we believe that the determination of good cause for the absence of a live witness is not so much a question of expertise as it is a matter of balancing the limited due process rights of the prisoner against the inconvenience or insecurity of a witness. In the instant case, we fail to see how Ms. Sheed's life or health could be endangered any more by her physical presence at the hearing than it

was by the written statement she gave. This is not the case of an unidentified informant. The Board could certainly implement security measures at the hearing to prevent harm to the witness at that time. Applying the indicia of reliability standard to the facts at hand, we do not believe an unsworn written statement offered for the truth of the matters therein set forth and the facts of which are not otherwise corroborated, should be accepted, without more, as proof of the matters set forth therein. In short, we believe that in the circumstances of this case,[2] the Petitioner should not have been deprived of his right to confront and cross-examine Ms. Sheed and that the Board's acceptance of her unsworn written statement as proof of Petitioner's violations was error.

We next turn to the Board's contention that violation of condition 2 is sufficient to warrant recommitment for eighteen months back time. We first note that the presumptive range for a single violation of this general condition is six to nine months. 37 Pa. Code §75.4. In addition, we believe that we may not presume that the Board would impose a greater penalty than that set forth in the presumptive range were it to consider the violation of one as opposed to three parole conditions.

For the foregoing reasons we will remand this case for further proceedings consistent with this opinion.

### Order

The order of the Board of Probation and Parole dated March 25, 1981, is vacated and the case is remanded for a rehearing or such other proceedings as shall be consistent with this opinion.

---

[2] See Grello v. Pennsylvnaia Board of Probation and Parole, 83 Pa. Commonwealth Ct. 252, 477 A.2d 45 (1984).