James Whitmore, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs December 26, 1985, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Scott F. Breidenbach,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, February 3, 1986:

James Whitmore (petitioner) has filed a petition for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his application for administrative relief from the Board's action of recommitting him as a technical parole violator.

The petitioner was under parole supervision when he was arrested on a charge of retail theft on November 7, 1984. He was charged by the Board with technical violations. After a full Board hearing, the Board ordered him recommitted to serve the unexpired term of his original sentence. The Board found that the petitioner had violated two general conditions of his parole, 3B which required the petitioner to notify the parole supervision staff within seventy-two hours of any arrest, 37 Pa. Code §63.4(3)(ii), and 5A which required him to abstain from the unlawful use of controlled substances, 37 Pa. Code §63.4(5)(i). The presumptive range recommitment set out in 37 Pa. Code §75.4 for violation of the two technical violations just mentioned is six to eighteen months. The Board recommitted the petitioner for the unexpired term of twenty-five months and eight days citing as the aggravating circumstance his failure to respond to a drug therapy program.

The petitioner contests only the Board's finding that he violated condition 5A. He contends that the evidence, a urinalysis report, relied upon by the Board was hearsay to which an objection was made and that the Board did not make a finding of good cause for its admission as required by 37 Pa. Code §71.2(16).

At the hearing, the only evidence produced to establish the petitioner's use of a controlled substance was a urinalysis report of Lehigh Valley Hospital which showed that a urine sample taken from the petitioner was positive for methadone, quinine and morphine and a letter informing that Lehigh Valley Hos-

pital was, approved by the Pennsylvania Department of Health to perform such tests. As noted, the admission of this material was objected to.

We agree with the petitioner that the admission of the report by the Board as a business record was error. Section 1108(b) of the Rules of Evidence, Act of July 9, 1976, P.L. 586, 42 Pa. C. S. §6108(b) provides the business records exception to the hearsay rule as follows:

> A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

No custodian or qualified witness testified in support of the record.

Moreover, the Board's regulation at 37 Pa. Code §71.2(16) provides that where a parolee is charged with a violation of parole conditions other than arrest or conviction for a new offense any persons upon whose testimony the alleged violations are based must be present to testify "unless the Board or its designated Examiner has specifically found good grounds for not allowing confrontation." The Board made no finding of good cause for not requiring the presence of someone who had a hand in making this report and who could explain its contents.

For the reasons stated, we reverse the Board's order and remand the record for a new order applying the presumptive range of recommitment for the petitioner's violation of condition 3B as set forth in 37 Pa. Code §75.4 and if the Board shall recommit for

a longer term, for justification of the deviation as required by 37 Pa. Code §75.3(c).

ORDER

AND Now, this 3rd day of February, 1986, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is reversed and the record is remanded for a new order consistent with this opinion.