515 A.2d 1004

Ronald Coleman, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs August 27, 1986, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Craig P. Miller,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, October 1, 1986:
Ronald Coleman (Petitioner) has filed a petition for review of the March 10, 1986 denial of his request for

administrative relief by the Pennsylvania Board of Probation and Parole (Board). The Board found Petitioner in violation of five general conditions of parole and ordered him recommitted to the Clinton County Prison, when available, to serve eighteen months backtime.

The record establishes that Petitioner was serving a nine-to-sixty-month sentence[1] in Clinton County when he was paroled on February 24, 1984 at the expiration of his minimum term. On October 1, 1985, Petitioner was arrested on charges of receiving stolen property and multiple technical parole violations. Following a parole violation hearing, the Board concluded that Petitioner had violated the following parole conditions: No. 1 (traveling outside the Williamsport parole district without permission); No. 2 (changing residence without permission); No. 3a (failure to follow parole agent's instructions); No. 4 (failure to comply with the laws of the Commonwealth); and, No. 5a (possession of illegal drugs/narcotics). The Board's order that Petitioner serve eighteen months backtime was in accord with the appropriate presumptive range for multiple violations. *See* 37 Pa. Code §§75.3(e) and 75.4.

In his appeal to this Court, Petitioner does not contest the Board's finding that he violated Condition No. 4.[2] Moreover, the Board concedes that the violation of

---

[1] Petitioner had been convicted on charges of theft, theft by unlawful taking and receiving stolen property.

[2] Petitioner pled guilty before a district justice to charges of receiving stolen property and theft by unlawful taking or disposition on October 8, 1985 and October 22, 1985, respectively. Since these pleas were not entered before a court of record, they did not provide a basis to recommit Petitioner as a convicted, rather than a technical, parole violator. *See* Section 21.1 of the Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. §331.21a; Sections 301 and 321 of the Judicial Code, 42 Pa. C. S. §§301, 321; *Snyder v. Wise,* 10 Pa. 157 (1848); *In Re: Ecker Nomination Petitions,* 59 Luz. L. Reg. Rep. 69 (C.P. Pa. 1969), *aff'd,* 434 Pa. 560, 252 A.2d 380 (1969).

Condition No. 5a should be deleted from the Board's order.[3] Thus, Conditions No. 1, 2 and 3a are the only violations at issue in the instant appeal.

With regard to Condition No. 1 (traveling without permission), the hearing record indicates that petitioner admitted, during an interview with his parole district supervisor on October 2, 1985, that he had failed to return to Clinton County from a trip to Alabama until September 26, 1985 despite the fact that his approved travel permit expired on August 18, 1985. Although Petitioner denied telling the district supervisor the date on which he returned to Pennsylvania, it is clear that credibility decisions and the resolution of conflicting testimony are matters for the fact-finder, here the Board, to determine. *Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984). Clearly, there is substantial evidence to support the Board's finding of a violation of Condition No. 1.

Turning to Condition No. 2 (changing residence without permission), Petitioner's parole agent testified that Petitioner's approved residence was with his parents at R.D. # 1, Lock Haven, Pennsylvania. The district supervisor testified, however, that Petitioner admitted to staying with his brother and ex-wife after his return to Pennsylvania on September 26 and prior to his arrest on October 1. Petitioner again presented conflicting testimony, but we must conclude that the

---

[3] We must agree that in view of our recent decisions in *Powell v. Pennsylvania Board of Probation and Parole,* 100 Pa. Commonwealth Ct. 7, 513 A.2d 1139 (1986) and *Whitmore v. Pennsylvania Board of Probation and Parole,* 94 Pa. Commonwealth Ct. 569, 504 A.2d 401 (1986), the laboratory report relied upon by the Board and objected to by Petitioner's counsel was not competent to support a finding that Condition No. 5a had been violated.

Board's finding of a violation is supported by substantial evidence and must be sustained.

We also find unpersuasive Petitioner's argument that the testimony of the district supervisor must be excluded. Petitioner points to the following regulation in support of his position:

> Within 48 hours, if possible, of arrest and incarceration on the Board warrant, or within 24 hours of the Board warrant being lodged as a detainer, the parolee shall be visited by his parole agent or a representative of the Board. At that time, if there are criminal charges outstanding or if it appears that criminal charges may be lodged, the parolee shall first be fully advised of his right to remain silent *concerning the criminal charges,* and the fact that anything he says may be used against him.

37 Pa. Code §71.2(1) (emphasis added). Petitioner contends that he was not given the requisite warning prior to his interview with the district supervisor on October 2 and that the supervisor's testimony relating to that interview must, accordingly, be excluded in its entirety. The record is silent regarding whether or not any warning was given. Even assuming there was no warning, it would have no impact on the Board's decision. The cited regulation recognizes the parolee's right to remain silent *only* concerning criminal charges outstanding or which appear likely to be lodged. In the instant case, none of the district supervisor's testimony related to any criminal charges pending against Petitioner. Thus, any error resulting from a failure to properly warn under 37 Pa. Code §71.2(1) must be considered harmless and would not constitute a basis for excluding the district supervisor's testimony.[4]

---

[4] We do not rule on the issue of whether evidence concerning criminal charges obtained without the warning required by 37 Pa.

The remaining violation at issue is Condition No. 3a (failure to follow parole agent's instructions). Petitioner's parole agent testified that he instructed Petitioner to telephone him prior to the expiration of his travel permit in August, 1985 to discuss the possibility of an extension. Petitioner did not follow these instructions and, thus, violated his travel permit limitations. A violation of Condition No. 3a is clearly established by substantial record evidence.

Finally, Petitioner argues that the Board's decision to recommit him for eighteen months is unduly harsh. As noted previously, the backtime ordered by the Board was within the appropriate presumptive range. Since the violation of Condition No. 5a must be deleted, however, we will remand for entry of a new order and determination of backtime in view of the remaining violations.

ORDER

The order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is vacated and the record is remanded for a new order consistent with this opinion.

Jurisdiction relinquished.

---

Code §71.2(1) must be excluded from parole revocation hearings. We note, however, that revocation hearings "need not be conducted with the same evidentiary rules as would apply to a trial on the criminal charges growing out of the same facts." *Nelson v. Board of Probation and Parole,* 35 Pa. Commonwealth Ct. 23, 26, 384 A.2d 1033, 1034-35 (1978). Thus, even statements taken in violation of *Miranda* rights are admissible as evidence during a revocation hearing. *Zimmerman v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 282, 476 A.2d 1016 (1984).