531 A.2d 119

Tyrone Neal, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs February 5, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*John C. Armstrong,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, September 17, 1987:

This parole revocation case involves a question governed by *Powell v. Board of Probation and Parole,* 100 Pa. Commonwealth Ct. 7, 513 A.2d 1139 (1986), *appeal denied,* 514 Pa. 640, 523 A.2d 346 (1987). The issue is whether a parole revocation and recommitment for drug usage may be based upon an exhibit offered against the parolee as a purported laboratory report, without first-hand authentication and devoid of any indicia of reliability and accuracy, being a computer printout of generic nature, lacking any signature or letterhead to establish the laboratory's attestation to its alleged work.

Here the petitioner, parolee Tyrone Neal, after agents of the Pennsylvania Board of Probation and Parole arrested him, received a parole violation hearing before an examiner on March 6, 1986. Based on the record of the hearing, the board, on April 4, 1986, ordered the parolee recommitted for backtime of 24 months, of which 12 months were for violation of Technical Condition No. 5A, use of drugs, and the remaining 12 months were for violation of Technical Condition No. 6, failure to attend outpatient therapy.

Without contesting the 12 months imposed for Condition No. 6, the parolee has appealed the drug usage backtime because its principal evidentiary basis was the purported laboratory report, supported only by the parole agent's testimony that he had received it in the mail after dispatching the parolee's urine sample to the laboratory and conferring with laboratory employees by telephone.

Board counsel's brief urges that we overrule *Powell,* contending that the agent's testimony of mailing and re-

ceipt is enough to confirm the reliability of a machine reproduction which contains the parolee's name, the alleged test results and a boilerplate claim that the laboratory is one approved by the Pennsylvania Department of Health.

There may be a misapprehension as to the nature of this court's concern about the offered proof of drug usage.

There is no problem with the agent's direct testimony about his mailing of the sample and his receipt of the document which he offered. *Powell* imposes no requirement that laboratory personnel be produced for firsthand authentication where, as here, the examiner has found good cause for not doing so.

But, to waive that normal form of proof, there is a need for some evidence that a professional person stands responsibly behind the all-important laboratory report—which otherwise lacks any indicia of reliability.

Certainly, in a proceeding where liberty is at stake, *Powell's* minimal requirement is in no way burdensome; it directs only that, on laboratory letterhead or otherwise, a responsible person's signature should appear to certify the identity of the report's subject and the correctness of its stated result.

No reason appears why the board should oppose having some professional functionary of the laboratory thus go on record.

Accordingly, this order of the board must be affirmed only as to the 12-month recommitment for Condition No. 6 and otherwise vacated, as to the drug usage condition. However, because the hearing and the board's order in this case antedated the issuance of the *Powell* decision in August of 1986, and because board counsel urges that an opportunity for rehearing be extended, rehearing on the drug usage point will be allowed.

## ORDER

Now, this 17th day of September, 1987, the order of the Pennsylvania Board of Probation and Parole in this case, dated April 4, 1986, is affirmed as to the imposition of 12 months backtime for violation of Technical Condition No. 6, failure to attend outpatient therapy, and is otherwise vacated, and this case is remanded for rehearing in accordance with the foregoing opinion.

Jurisdiction relinquished.

---

DISSENTING OPINION BY JUDGE PALLADINO:

I respectfully dissent. The majority's conclusion that a computer generated laboratory urinalysis from a state certified laboratory is inadmissible at a parole violation hearing is not acceptable. The majority opinion overlooks the nature of a proceeding to determine alleged violation of parole conditions. Parole is not matter of right, rather it is a matter of the exercise of discretion by the designated authority. The proceedings by which the Board exercises its authority are purely administrative in nature, and evidentiary formalities such as those required in a criminal trial do not apply. While I agree that the quality of the report should be improved, I am not prepared to hold that it is inadmissible for purposes of a parole violation hearing.