557 A.2d 34

Charles Montione, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs July 12, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Joseph J. Prociak,* for petitioner.

*Timothy P. Wile,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BLATT, December 29, 1988:

Charles Montione (petitioner) petitions for review of the denial of administrative relief from an order of the Board of Probation and Parole (Board) recommitting him to prison as a technical parole violator. We shall affirm.

The petitioner was originally incarcerated as a result of his convictions for robbery and burglary. He was paroled from the sentences on October 9, 1985. At that time he agreed to conditions governing his parole that included:

5. You shall:

    a. abstain from the unlawful possession, or sale of, narcotics and dangerous drugs, and abstain from the use of controlled substances within the meaning of Controlled Substance, Drug, Device, and Cosmetic Act (35 P.S. §§780-101-780-144) without a valid prescription.

He also agreed that he would participate in out-patient drug therapy and that urinalysis was to be included in his parole plan. On August 20, 1986, he submitted a urine sample that tested positive for the presence of cocaine metabolites. He was subsequently charged with a violation of condition 5(a), quoted above. On the basis of his parole agent's testimony and the urinalysis report provided by the laboratory that tested the urine sample, the Board recommitted the petitioner as a technical parole violator. He subsequently sought and was denied administrative relief from the order. He then filed the timely petition for review that is now before the Court.

The petitioner's sole contention is that the Board erred by allowing the admission of improper hearsay testimony, thereby denying him his right to confront the witness, without an adequate finding of "good cause." The petitioner argues that the admission of the toxicology report denied him the opportunity to confront and chal-

lenge the testimony of the chemist performing the test. He contends that the hearing examiner's finding of good cause to deny the right to confrontation was inadequate as a matter of law because it was done for the sake of expediency and simplicity. He, therefore, asks that the order of the Board be "vacated" and that he be released in accordance with the terms of his parole.

This Court in *Powell v. Pennsylvania Board of Probation and Parole*, 100 Pa. Commonwealth Ct. 7, 513 A.2d 1139 (1986) addressed the foundation of a hearing examiner's finding of good cause for the admission of a toxicology report under the business record exception to the hearsay rule. After concluding in *Powell* that the basis for the finding of good cause impermissibly relied upon the content of the questioned document itself, this Court set forth certain evidentiary principles to guide the admissibility of laboratory reports. The laboratory report in issue here was offered into evidence in a manner consistent with these principles. The laboratory, HealthEast Laboratories, was identified as one officially approved by the Board for the purpose of performing drug and alcohol analysis of urine samples taken from persons under the supervision of the Board, and the report itself appeared on the letterhead of HealthEast Laboratories and was signed by an individual identified as the toxicology supervisor of HealthEast Laboratories. *See also Ward v. Pennsylvania Board of Probation and Parole*, 114 Pa. Commonwealth Ct. 255, 538 A.2d 971 (1988); *Damron v. Pennsylvania Board of Probation and Parole*, 109 Pa. Commonwealth Ct. 554, 531 A.2d 592 (1987). Thus, the finding of good cause to deny the petitioner the right to confront and cross-examine the toxicology supervisor of the laboratory doing the testing is adequately supported by evidence of its source without reference to the hearing officer's speculation that the toxicology supervisor could

not be expected to testify at "a hundred different hearings."

Having concluded that the lab report was properly admitted, we find that the Board's decision to revoke the petitioner's parole is supported by substantial evidence and accordingly affirm the Board's order.

### ORDER

AND NOW, this 29th day of December, 1988, the order of the Board of Probation and Parole in the above-captioned matter is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.