568 A.2d 268

**Darryl BURGESS, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 27, 1989.

Decided Aug. 3, 1989.

Publication Ordered Dec. 26, 1989.

Petition for Allowance of Appeal Denied April 23, 1990.

Ellen K. Barry, Carlisle, for petitioner.

Timothy P. Wile, Asst. Chief Counsel, with him, Robert Greevy, Chief Counsel, Harrisburg, for respondent.

Before PALLADINO and SMITH, JJ., and KALISH, Senior Judge.

KALISH, Senior Judge.

Darryl Burgess (petitioner) appeals from a decision of the Board of Probation and Parole (Board) finding that petitioner was in technical violation of specified conditions. We affirm.

Petitioner was paroled after serving the minimum of a ten to twenty year sentence for robbery and burglary. The conditions attached to his parole were that he not move from his residence without written permission of the parole staff (condition 2) and that he abstain from the use of illegal drugs (condition 5A).

Petitioner was arrested for violation of these conditions. At the hearing the examiner found insufficient evidence to sustain condition 2, but sufficient evidence of a violation of condition 5A.

The Board found that there was a preponderance of evidence regarding condition 2 and recommitted petitioner for violation of both conditions 2 and 5A.

Our scope of review is limited to determining whether petitioner's rights have been violated, there has been an error of law, or a necessary finding is not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. 704; *Zazo v. Pennsylvania Board of Probation and Parole*, 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

At the revocation hearing, the parole officer testified that he took a urine sample from petitioner at the Kensington Community Center, personally marked the container, and sent it in a sealed cardboard container to the Health East Laboratories. The parole officer also submitted into evidence a copy of the Board minutes approving Health East Laboratories as the official urinalysis laboratory for the Board. The laboratory urinalysis report was submitted as well. This was prepared on official laboratory letterhead and signed by Gerald E. Clement, Ph.D, director of toxicology.

Petitioner contends that this was hearsay evidence, uncorroborated, and that therefore the finding of a violation of condition 5A is not supported by substantial evidence.

█ Since the fact finder exercises discretion in questions involving the admission of testimony, the issue is whether the fact finder so abused his discretion that the admission of the hearsay evidence resulted in a revocation which violated due process principles. While hearsay evidence is admissible in parole revocation hearings, it is only admissible upon a finding of good cause, thereby denying the parolee the right to cross examine an adverse witness. *Grello v. Pennsylvania Board of Probation and Parole*, 83 Pa. Commonwealth Ct. 252, 477 A.2d 45 (1984); *Sinwell v. Pennsylvania Board of Probation and Parole*, 46 Pa. Commonwealth Ct. 429, 406 A.2d 597 (1979).

█ In connection with the admissibility of laboratory records in parole revocation hearings, we stated in *Powell v. Pennsylvania Board of Probation and Parole*, 100 Pa. Commonwealth Ct. 7, 513 A.2d 1139 (1986), in order to be admissible under the good cause exception, the report should contain indicia of regularity and reliability. Specifically, the letterhead of the approved laboratory must be included, as well as the signature of a known and responsible member of its staff. In *Powell*, the report of the laboratory was an *unsigned* computer printout from the Health East Laboratories and we held that under those circumstances the report was not sufficiently reliable to be within acceptable limits.

In *Montione v. Pennsylvania Board of Probation and Parole*, 125 Pa. Commonwealth Ct. 35, 557 A.2d 34 (1988), we held that an identically signed report such as the one in this case was adequate to establish good cause to deny a petitioner the right to confront and cross-examine the toxicology supervisor of the laboratory. In the instant case, the report was signed by the director of toxicology.

In view of the foregoing, the Board's finding that petitioner violated condition 5A is supported by sufficient evidence.

At a parole revocation proceeding, a parolee retains certain basic rights of due process. One of the basics in this narrow inquiry is that a hearing must lead to a final evaluation of any contested facts. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

█ The hearing examiner found that there was not a preponderance of evidence that petitioner violated condition 2. In its response to petitioner's request for administrative review, the Board stated that the hearing examiner found a preponderance of evidence supporting the finding that condition 2 had been violated, when, in fact, the hearing examiner had not.

Until a supplemental record was supplied by the Board about one week prior to the filing of briefs, there was

nothing in the record which indicated that a subsequent three person panel had been appointed, and that this panel had found a preponderance of evidence as to condition 2.

Under these circumstances, the petitioner contends that the revocation panel's decision as to a finding of a violation of condition 2 is based on a confused record, is not a final evaluation of the contested facts, and should be reversed.

Section 4(c) of the Parole Act, Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.4(c), allows the Parole Board to act on a parole revocation matter with two member panels, or a three member panel when the two cannot agree. Thus, the two member or three member revocation panel is the ultimate fact finder in revocation proceedings. 61 P.S. § 331.4(b). The panel deciding requests for administrative relief is not a fact finder. Its scope of review is to determine whether there is substantial evidence to support the finding, an error of law has been committed, or constitutional rights were violated. 37 Pa.Code § 73.1(a)(2).

The revocation panel, as the fact finder, determines the credibility of the witnesses and the persuasive quality of their evidence. The revocation panel found by a preponderance of the evidence that petitioner violated condition 2. The panel which decided the request for administrative relief found that this finding was supported by substantial evidence.

While the Board's conduct may have led to some confusion, there is nothing to indicate that petitioner's due process rights were violated.

Accordingly, we affirm.

SMITH, J., dissents.

ORDER

NOW, August 3, 1989, the decision of the Pennsylvania Board of Probation and Parole is affirmed.

## ORDER

PER CURIAM.

NOW, December 26, 1989, it is ORDERED that the above-captioned opinion filed August 3, 1989, shall be designated OPINION, rather than MEMORANDUM OPINION, and it shall be reported.