William J. Sinwell, Petitioner *v.* Commonwealth
of Pennsylvania, Pennsylvania Board of
Probation and Parole, Respondent.

Submitted on briefs, July 31, 1979, to President
Judge Bowman and Judges Crumlish, Jr., Wilkin-
son, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and
MacPhail.

*William J. Sinwell*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE BLATT, October 12, 1979 :

William J. Sinwell (petitioner) has filed a petition for review challenging the order of the Pennsylvania Board of Probation and Parole (Board), which revoked his parole and recommitted him as a technical parole violator.

The petitioner contends that the Board unconstitutionally revoked his parole on the basis of hearsay testimony without a finding of good cause for not allowing confrontation. *See Herring v. Board of Probation and Parole*, 39 Pa. Commonwealth Ct. 156, 394 A.2d 1082 (1978). He also asserts that he was denied effective assistance of counsel at his revocation hearing. The Board has filed a preliminary objection in the nature of a demurrer. We must determine therefore whether or not the petitioner has stated a cause of action in his petition for review, assuming the truth of all factual averments and inferences fairly deducible therefrom, and bearing in mind that, if there

is any doubt, the preliminary objection should be overruled. *See Robinson v. Department of Justice*, 32 Pa. Commonwealth Ct. 77, 377 A.2d 1277 (1977).

The petitioner was charged with violating the condition of his parole that he not move from his home without the permission of his parole agent. At his revocation hearing, his parole agent testified that the petitioner's mother had informed him on October 11, 1978 that she had not seen the petitioner since October 2, 1978. While this may have been hearsay, the petitioner concedes in his petition that there was also evidence given by his parole agent that the petitioner had admitted to the agent that he "took off" on October 2, 1978 when he heard that a warrant had been issued for his arrest. The Board does not dispute the hearsay nature of his mother's statement, but argues (1) that the admission of hearsay is not per se improper and (2) that the other testimony of the agent supports the Board's charge. We must therefore determine if, on the one hand, the plaintiff has stated a cause of action and, on the other hand, he has gone too far and pleaded a defense which defeats his claim.

Both Board regulation 37 Pa. Code §71.2(16) and the federal constitution, *see Morrissey v. Brewer*, 408 U.S. 471 (1972), require that a parolee be permitted to confront and cross-examine those upon whose statements the Board relies in revoking parole unless a specific finding of good cause for not allowing confrontation is made by the Board or its designee. *See Kemp v. Board of Probation and Parole*, 43 Pa. Commonwealth Ct. 390, 402 A.2d 708 (1979) (applying Board regulation); *Herring, supra* (applying constitutional standards). The right to confront and cross-examine, however, can be waived, *Commonwealth v. Petrillo*, 340 Pa. 33, 16 A.2d 50 (1940), and, if no objection is voiced to the introduction of hearsay evidence at a revocation hearing, a parolee cannot later

challenge its admission. *See Commonwealth v. Moore,* 440 Pa. 86, 270 A.2d 200 (1970). Indeed, it is not the introduction of hearsay evidence at a revocation hearing which is error but the admission of hearsay over objection and without a finding of good cause. We believe, therefore, that the petitioner cannot succeed without a plea that he objected to the admission of the hearsay evidence and that it was admitted over his objection without a finding of good cause. And, because the petitioner here has not alleged any objection to the admission of the hearsay, we believe that he has failed to state a cause of action. We also believe, however, that his proceeding pro se warrants our allowing him an opportunity to amend his petition by including such an allegation if he so desires. Accordingly, the Board's preliminary objection is sustained as to the petitioner's failure to state a cause of action, but the petitioner will be permitted 20 days in which to file an amendment alleging an objection to the hearsay.

As to whether or not the petitioner has alleged facts which would defeat his claim, we believe that he has not. We are unable to conclude that his agent's testimony that the petitioner admitted "taking off" can, by itself, support a finding there was a change of residence.[1] Nor do we believe that the necessary adverse inference may fairly be drawn therefrom. We cannot say, therefore, that we have no doubt as to the propriety of dismissing the petition, especially when the limited nature of the inquiry raised by a demurrer is considered. We shall therefore overrule this aspect of the Board's preliminary objection.

---

[1] The petition also suggests that there was evidence indicating that the petitioner failed to report to his parole agent for two months. The Board makes no reference to this, however, and we do not think that this additional information makes the petition sufficiently clear as to justify sustaining a demurrer on this issue.

Finally, as to the petitioner's allegation of ineffective counsel, we note that the proceeding before us now, brought in this Court by a prisoner against the Board, lies within our original jurisdiction and is in the nature of an action in mandamus. *See Williams v. Board of Probation and Parole*, 2 Pa. Commonwealth Ct. 312 (1971). And, as we have stated many times, mandamus lies to compel the performance of a ministerial act or mandatory duty where a clear legal right exists in the petitioner, a corresponding duty exists in the respondent, and there is a lack of any other appropriate and adequate remedy. *See, e.g., Kerr v. Department of State*, 35 Pa. Commonwealth Ct. 330, 385 A.2d 1038 (1978). Even if a petitioner has a clear legal right to effective counsel, however, we have held that it is not the Board's obligation to provide legal counsel. *See Tate v. Board of Probation and Parole*, 40 Pa. Commonwealth Ct. 4, 396 A. 2d 482 (1979). Moreover, it appears that an adequate legal remedy does exist as to this issue under the Post Conviction Hearing Act.[2] *See Commonwealth v. Tinson*, 433 Pa. 328, 249 A.2d 549 (1969). There is, therefore, a bar to our jurisdiction in any claim as to ineffective counsel and we must transfer this matter to the appropriate court pursuant to 42 Pa. C.S. §5103 (a). We shall, of course, retain jurisdiction as to the petitioner's claim that his parole was improperly revoked.

## Order

And Now, this 12th day of October, 1979, the preliminary objection of the Board of Probation and Parole in the above-captioned matter is sustained in part and overruled in part. The petitioner is directed to

---

[2] Act of January 25, 1966, P.L. (1965) 1580, *as amended*, 19 P.S. §1180-1 et seq.

amend his petition within 20 days or suffer dismissal of his case.

The claim as to ineffective assistance of counsel is hereby transferred to the Court of Common Pleas of Lehigh County for disposition thereof.