William Razderk, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Carol F. Munson*, Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him *Robert A. Greevy*, Chief Counsel, *Jay C. Waldman*, General Counsel, and *LeRoy S. Zimmerman*, Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, August 5, 1983:

Cross motions for summary relief[1] are now before us for disposition following Petitioner's[2] appeal from the Board of Probation and Parole's (Board) denial of administrative relief.

Petitioner was recommitted by the Board as a technical parole violator following a hearing before an examiner designated by the Board. 37 Pa. Code §71.2 (18). The Board's action was as follows:

> Recommit as a technical parole violator to serve 6 months for each special condition, for a total of 18 months on backtime. Evidence Relied On: Letter from the treatment counsellor. Affidavit from Mr. Striefsky. Testimony that you admitted at your Preliminary Hearing to not attending counselling and to associateing [sic] with James Atkinson. Testimony that you admitted to consuming beer. The presumptive range for violation of Condition #6 is 3 to 18 months. Reasons: Multiple Technical violations established. Overall parole performance is considered poor.

> Reparole 8-12-83 to an approved plan.

> Also subject to any conditions that may be imposed. . . .

> Max. date for parole violation: [6-21-84]

After Petitioner filed his petition for review with this Court, his appointed counsel properly filed a motion to compel the Board to file a complete record which would enable us to perform appropriate appellate review. We granted that motion in response to which

---

[1] Summary relief may be granted whether the proceeding is in our appellate or original jurisdiction. Pa. R.A.P. 1532(b).

[2] William Razderk.

the Board filed a transcript of the violation hearing. Although Petitioner made no further complaint regarding the Board's response to our order,[3] we do note that Petitioner requested not only a transcript of the violation hearing but "any affidavits, statements or other evidence relied upon by the Board" as well. It is quite apparent from the transcript of the violation hearing that affidavits did exist and were the bases for some of the Board's findings. We deem it unnecessary to enter an additional order in this case but we expect the Board to comply with our orders in the future.

As we have noted, the Board recommitted Petitioner for six months for "each special condition, for a total of 18 months on backtime". Employing elementary mathematics, we assume that there are three such conditions which were violated. The record is not totally clear as to what those conditions were but we believe them to be 1) failure to report for drug and alcohol counselling, 2) association with one James Atkinson and 3) consumption of alcoholic beverages.

The Board's only witness was a parole supervisor, *not* Petitioner's parole officer. The evidence presented by the Board, whose burden it was to substantiate the charges against the Petitioner, consisted entirely of affidavits of parties not present to testify and statements allegedly made by the Petitioner to his parole officer and at his preliminary parole violation hearing, which statements were not made in the presence of the witness who offered them in evidence.

Petitioner's counsel objected to this evidence but the Board argues that the proper *specific* objections were not made.

The Board's regulations provide that:

---

[3] Our order of January 27, 1983 directed the Board to transmit "the *entire* record". (Emphasis added.)

The representatives of the Board who are familiar with the facts which constitute the alleged violation will be present to testify as shall any persons upon whose testimony the alleged violations are based, unless the Board or its designated Examiner has specifically found good grounds for not allowing confrontation. 37 Pa. Code §71.2(16).[4] Our Court has held that where the only evidence against the prisoner is hearsay, unless the Examiner or the Board specifically finds good grounds for not allowing the prisoner to confront the witnesses against him and enunciates his findings as part of the record of the case, the Board's procedures violate the prisoner's rights to due process of law as first enunciated in *Morrissey v. Brewer,* 408 U.S. 471 (1972). *Kemp v. Pennsylvania Board of Probation and Parole,* 43 Pa. Commonwealth Ct. 390, 402 A.2d 708 (1979) and *Herring v. Pennsylvania Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 156, 394 A.2d 1082 (1978).

In the face of the violation of such a fundamental constitutional right, we will reject the Board's contention that the hearsay evidence is admissible because counsel's objections were technically incorrect.

The Board argues that Petitioner did make a statement at the violation hearing which indicates that he did not attend the drug and alcohol counselling sessions, although he sought to justify his reasons for not doing so. While such a statement might constitute an admission by Petitioner, we must observe that the statement was made only after the examiner had ruled that all of the Board's hearsay testimony was admis-

---

[4] Some reference is made in the record to an evidentiary "policy" which permits the Board to receive as evidence affidavits under notarial seal from witnesses more than 50 miles from the site of the hearing. Such policy, if it exists, is in direct contravention of the Board's regulation.

sible. While it would have been more fortuitous had Petitioner said nothing, we will hold that his statement was exculpatory only and, standing alone, would be insufficient to carry the Board's burden of proof with respect to that charge.[5]

We will grant Petitioner's request for summary relief and direct that he be reparoled under such conditions as the Board may specify.

### ORDER

It is ordered that the motion of William Razderk for summary judgment be granted and that the cross motion of the Board of Probation and Parole be denied. It is further ordered that the Board reparole William Razderk under such conditions as the Board shall deem appropriate and recompute the maximum sentence of William Razderk to be consistent with the maximum sentence applicable prior to the revocation order of July 20, 1982.

---

[5] Petitioner said nothing with respect to the other two charges.