John K. Grello, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges CRAIG, PALLADINO and BARBIERI, sitting as a panel of three.

*Timothy P. Wile,* for petitioner.

*Robert A. Greevy,* Chief Counsel, with him, *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, June 13, 1984:

John K. Grello (Petitioner), appeals from a decision of the Pennsylvania Board of Probation and Parole (Board) recommitting Petitioner as a Technical Parole Violator (TPV). Petitioner's Petition For Administrative Review and Relief having been denied, this appeal followed.

Petitioner was under parole supervision when he was arrested on new charges on January 25, 1983. Petitioner's Parole Agent, Brian D. Phillips, charged Petitioner with the following violations of parole: possession or ownership of a firearm; assaultive behavior; and consumption of alcohol.

Petitioner argues that the evidence upon which the Hearing Examiner relied and based his decision was purely hearsay, and that the Examiner's finding that good cause existed for the absence of adverse witnesses at the hearing, was in error. We agree with both contentions.

The record is replete with hearsay testimony admitted over the timely objection of Petitioner's counsel. Parole Agent Phillips recounted the testimony of two witnesses who testified before a District Magistrate concerning alleged assaults by Petitioner.[1] In addition, the Agent submitted a sworn affidavit of a police officer who "noticed the smell of alcohol on [Petitioner's] breath."[2]

We note the following applicable statutory language:

(d) In technical violation hearings, as set forth in §71.2 (relating to procedure for violation of parole conditions), witnesses upon whose testimony the parole revocation would be based shall appear and be subject to examination by the parolee except when the Examiner finds on the record good cause for not allowing such confrontation.

37 Pa. Code §71.5(d).

---

[1] N.T., pp. 4, 5.

[2] Affidavit of Allentown Police Officer Ronald Manescu.

254

While hearsay may be admitted in probation and parole revocation hearings, a decision to recommit a parolee as a TPV may not be based solely on hearsay evidence. *Commonwealth of Pennsylvania v. Riley,* 253 Pa. Superior Ct. 260, 267-68, 384 A.2d 1333, 1337 (1978); *see also Commonwealth of Pennsylvania v. Greenlee,* 263 Pa. Superior Ct. 477, 484, n.5, 398 A.2d 676, 679, n.5 (1979). Moreover, the introduction of hearsay evidence at a revocation hearing over counsel's objection where the Hearing Examiner fails to make a finding of good cause for admitting such testimony, constitutes reversible error. *Razderk v. Pennsylvania Board of Probation and Parole,* 76 Pa. Commonwealth Ct. 176, 463 A.2d 111 (1983); *Sinwell v. Pennsylvania Board of Probation and Parole,* 46 Pa. Commonwealth Ct. 429, 432, 406 A.2d 597, 599 (1979).

The Examiner below found the requisite good cause for accepting some of the hearsay evidence proffered by the Parole Agent, but not all of it:

> The Hearing Examiner questioned Agent Phillips as to why the following adverse witnesses were not present to testify: Police Officer Ronald Monescu, [sic], Susan Stringer, Leo Kish and Ms. Sherri Thompson. The Parole Agent testified that the Commanding Officer for Officer Ronald Monescur [sic] and Police Officer Mark A. Derry of the Salisbury Township Police Department would not permit those police officers to travel to Graterford to testify for a parole hearing. He indicated that to travel to Graterford would be beyond the 50 mile radius.

> Parole Agent also testified that the District Attorney or the Assistant District Attorney in Lehigh County, Mr. Bob Goldberg did not find

it feasible for witnesses involved in a criminal matter, such a serious nature, [sic] to be interviewed, give statements or to appear at the parole hearing, while criminal matters are pending before the Court. Parole Agent also indicated that for these witnesses to travel from Allentown to Graterford would be beyond the 50 mile radius.

Based on this testimony, the Hearing Examiner found good cause for the above noted witnesses not to be present and would accept the notarized document from Police Officer Ronald Monescu [sic] and a sworn testimony [sic] given during a criminal preliminary hearing on 2-15-83 as evidence to be made part of the record.[3]

"Good cause" in this context (probation and parole revocation hearing), has not been legislatively defined and the scant case law on the subject reflects an individual determination based on the facts of each case.

Regarding the fifty mile limit which the Hearing Examiner alluded to and found to be significant in his finding of good cause, we remind the Board that any policy of recognizing such a limit as *prima facie* evidence of good cause has not met with this Court's approval. *See Razderk,* 76 Pa. Commonwealth Ct. at 179, n.4, 463 A.2d at 113, n.4.

---

[3] Hearing Examiner's Report, Original Record, p. 14.

The Hearing Examiner found good cause for the witnesses' absence, but failed to find good cause for accepting the Parole Agent's recollection of their testimony at a prior criminal proceeding. Inasmuch as the Parole Agent's testimony clearly constituted hearsay, a specific finding of good cause for allowing the testimony was required. While the Hearing Examiner may have intended to include testimony taken at a prior proceeding, we have found none in the Record.

We therefore hold that good cause did not exist for accepting hearsay testimony over the objection of Petitioner's counsel, nor was good cause established for the two adverse witnesses' absence at the hearing, notwithstanding the District Attorney's reservations. We thus reverse and remand this case for a new hearing.

### AMENDED ORDER

The order of the Pennsylvania Board of Probation and Parole dated September 21, 1983, is vacated and the above-captioned case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.