520 A.2d 1258

Jefferson Jones, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs September 12, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Scott F. Breidenbach*, Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, February 11, 1987:

Jefferson Jones (petitioner) seeks review of an order of the Pennsylvania Board of Probation and Parole

(Board) which denied administrative relief from a Board decision imposing a nine-month recommitment as a technical parole violator.

Petitioner was paroled on June 19, 1985, after having served a portion of the two and one-half to ten-year prison term imposed on him for the offense of murder, third degree. On September 18, 1985, petitioner was arrested and charged with Technical Parole Violations No. 2[1] (Change of Residence without Permission), No. 3A[2] (Failure to Report as Instructed) and No. 5A[3] (Failure to Refrain from use of Narcotic Drug).

On January 13, 1986, after a hearing at which petitioner was represented by counsel, petitioner was recommitted as a technical parole violator for nine months for all of the above-named violations. On February 27, 1986, the Board denied petitioner's request for administrative relief and this appeal timely followed.

On appeal, petitioner argues that the Board erred in admitting hearsay evidence of a drug analysis over objection and that the Board's finding of a violation of condition 5A is unsupported by substantial evidence.

In reviewing a parole recommitment by the Board, we are limited to determining whether the Board's order is supported by substantial evidence, is in accordance with the law, and whether any constitutional rights of the parolee have been violated. *O'Hara v. Pennsylvania Board of Probation and Parole*, 87 Pa. Commonwealth Ct. 356, 487 A.2d 90 (1985).

The Board's decision that petitioner was in violation of parole condition 5A was based on a urinalysis report from Healtheast Laboratories, which was submitted by Vince Gilhool, petitioner's parole agent, as well as on a

---

[1] 37 Pa. Code §63.4(2).
[2] 37 Pa. Code §63.4(3)(i).
[3] 37 Pa. Code §63.5(i).

selected portion of Mr. Gilhool's testimony, contradicted by petitioner, and later by Mr. Gilhool himself, in which Mr. Gilhool testified that petitioner had admitted to him using marijuana. Petitioner specifically argues that the laboratory report was hearsay evidence that should not have been considered by the Board, because he was not able to cross-examine the person who performed the urinalysis as to the reliability of the procedure or the results, and that the parole agent's testimony was insufficient to substantiate the charge of a 5A violation.

Even though a revocation order cannot be based solely on hearsay, *Grello v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 252, 477 A.2d 45 (1984), hearsay evidence is admissible upon a finding on the record of good cause to deny the parolee the rights of confrontation and cross-examination. 37 Pa. Code §71.5(d). *See also Jefferson v. Pennsylvania Board of Probation and Parole,* 95 Pa. Commonwealth Ct. 560, 506 A.2d 495 (1986).

This Court has recently set forth standards which apply to the admission of laboratory reports in parole revocation proceedings. *See Powell v. Pennsylvania Board of Probation and Parole,* 100 Pa. Commonwealth Ct. 7, 513 A.2d 1139 (1986). We stated in *Powell* that to be admissible under the good cause exception, the report should contain "indicia of regularity and reliability," specifically, "[t]he letterhead of the approved laboratory, the signature of a known and responsible member of its staff, or some other mark of reliability." *Id.* at 16, 17, 513 A.2d at 1144.

In *Powell,* we held that the urinalysis report at issue should not have been admitted, despite the examiner's finding of good cause. It was insufficient that the report contained the names of the pathologist and the laboratory director and that the laboratory was approved by the Pennsylvania Department of Health.

In the instant case, the hearing examiner admitted the laboratory report over petitioner's objection stating, "and I'm going to overrule finding that there's good grounds for not allowing confrontation." The report does not include the letterhead of the laboratory and is not signed by a staff member. There is nothing on the face of the report, or in the record below, to provide any "indicia of regularity and reliability." Thus, petitioner's contention that the Board erred in admitting the laboratory report is correct.

If Petitioner's parole agent had unequivocally testified that petitioner had admitted to him using marijuana, this, if believed, would have constituted substantial evidence for the Board's decision to recommit petitioner as a technical parole violator. *Coleman v. Pennsylvania Board of Probation and Parole,* 101 Pa. Commonwealth Ct. 144, 515 A.2d 1004 (1986), (holding that a violation of condition No. 2 (Changing Residence Without Permission) was supported by substantial evidence where a district supervisor testified that petitioner had admitted to him changing his residence).

However, in the instant case, petitioner's parole agent, at the end of the hearing, spontaneously recanted his earlier testimony and said he was no longer sure that petitioner had admitted to using marijuana:

> Due to the fact that there was no testimony at the preliminary hearing and hearing Mr. Jones say [sic] that he denied using marijuana; to the best of my ability, I can't say for sure that he admitted using marijuana. All I know is that he admitted to the [sic] giving the urinalysis. And it's important to me, that I make my testimony clear because I wanted . . . and testified previously that he exactly admitted using marijuana. I have a question in my mind now whether he . . .

might have said he denied using marijuana, but I recall he did admit to the urinalysis.

Record at 40-41.

Such testimony does not constitute substantial evidence in support of the Board's finding that petitioner admitted using marijuana.

Thus, the record is devoid of substantial evidence to support the Board's finding that petitioner had violated condition No. 5A and, accordingly, we reverse and remand the case in order for the Board to recalculate petitioner's recommitment time based solely on violations of conditions No. 2 and No. 3A.

ORDER

AND NOW, this 11th day of February, 1987, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby reversed insofar as it is based on a violation of condition No. 5A, and remanded to the Board for a recalculation of petitioner's backtime based solely on violations of conditions No. 2 and No. 3A.

Jurisdiction relinquished.