538 A.2d 628

Samuel E. Maxfield, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs October 29, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Frederick R. Gutshall,* Deputy Public Defender, for petitioner.

*Timothy P. Wile,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, March 1, 1988:

This is an appeal by Samuel Maxfield (Petitioner) from an order of the Pennsylvania Board of Probation and Parole (Board) that denied his request for administrative relief.

In March 1986, Petitioner was paroled from a six-to-twelve-year sentence imposed as a result of his convic-

tion for rape. A special condition of his parole was that he not associate with one Marcelona Becker. On July 28, 1986 Petitioner was arrested and charged with three technical parole violations. Specifically, Petitioner was charged with violating general condition 5c (refrain from assaultive behavior) and with violations of two special conditions, one pertaining to outpatient psychiatric/psychological therapy and the other pertaining to associating with Ms. Becker.

At his parole violation hearing, Petitioner waived his right to counsel and admitted violating the outpatient therapy condition. The Board also charged Petitioner with violating his parole conditions by associating with Ms. Becker and by assaulting her. Ms. Becker did not testify at the hearing. The parole agent testified that he had attempted to subpoena her four times without success and that he had been unable to locate her. Supervisor Dadigan was then called to testify. He stated that on July 8, 1986 Ms. Becker had told him that on or about July 7, 1986, Petitioner came up to her in a bar, grabbed her by the arm, swung her around and punched her in the face with his fist, causing her glasses to break and cutting her lip. He further testified that Ms. Becker had signed a statement to this effect in his presence the next day and that he personally observed her lip to be cut and swollen. This testimony was admitted into the record without objection, as was the statement purportedly signed by Ms. Becker. There was no specific finding of good cause by the hearing examiner for admitting the hearsay evidence. As for other testimony relating to this incident, Petitioner *admitted* having encountered Ms. Becker at the bar and conversing with her but denied any assaultive behavior.

The Board recommitted Petitioner for all three violations. In finding that Petitioner violated the prohibition against assaultive behavior, it relied upon "Supervisor's testimony. Documentary evidence re-

ceived at the time of the violation hearing." In finding Petitioner had violated the condition that Petitioner not associate with Ms. Becker, the Board relied upon the same evidence. To support its finding of a violation of the outpatient therapy condition, the Board relied upon Petitioner's admission. Petitioner was recommitted to serve a total of twenty-four months backtime, six months for assaultive behavior and nine months for each of the other conditions. The backtime was within the presumptive range for each offense. Subsequent to the imposition of twenty-four months backtime, Petitioner petitioned the Board for administrative relief, maintaining that the charges against him were not supported by the evidence. Administrative relief was denied and this petition for review followed. Subsequent to Petitioner filing his petition in this Court, Petitioner's attorney filed an "amended petition," to which was attached a statement purportedly signed by Ms. Becker recanting the statement she had made to Supervisor Dadigan and the parole agent.

On appeal here, Petitioner again maintains that there was insufficient evidence at the hearing to substantiate the charges against him.

The Board, of course, is required to prove parole violations by a preponderance of the evidence. *Nickens v. Pennsylvania Board of Probation and Parole*, 93 Pa. Commonwealth Ct. 313, 502 A.2d 277 (1985). Our task as a reviewing Court is to ascertain whether there has been a constitutional violation or an error of law, and to ensure that the Board's necessary findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Chapman v. Pennsylvania Board of Probation and Parole*, 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984).

Petitioner first asserts that the condition pertaining to outpatient therapy was so vague that it would be "almost impossible" for him to plead guilty. This contention was not raised before the Board and, accordingly, it is waived. *See* Pa. R.A.P. 1551. In any event, the Board's finding pertaining to the violation of this condition was supported by substantial evidence in the form of Petitioner's admission.

As to the requirement that Petitioner not associate with Ms. Becker, we find substantial evidence of record that Petitioner violated this condition. Petitioner himself admitted not only that he encountered her at a bar, but also that the two actually carried on a conversation. N.T. 12. Therefore, we find substantial evidence to support this charge.

The question of whether Petitioner engaged in assaultive behavior is, admittedly, more difficult. Even the Board concedes that Ms. Becker's written statement, which was admitted into evidence at the hearing, and the supervisor's testimony as to what Ms. Becker said are both hearsay. It is also clear that several unsuccessful attempts were made to subpoena Ms. Becker. Board Regulation 71.5(d), 37 Pa. Code §71.5(d), pertinently provides:

> In technical violation hearings . . . witnesses upon whose testimony the parole violation would be based shall appear and be subject to examination by the parolee except when the Examiner finds on the record good cause for not allowing such confrontation.

There was no specific finding of good cause made by the Examiner, but it is clear that Petitioner did not object to the admission of the hearsay evidence. In considering whether a parolee, who had not objected to hearsay evidence, had stated a cause of action in mandamus, Judge BLATT, recognizing the constitutional right of a parolee to

cross-examine witnesses, opined in *Sinwell v. Pennsylvania Board of Probation and Parole,* 46 Pa. Commonwealth Ct. 429, 406 A.2d 597 (1979):

> The right to confront and cross-examine . . . can be waived . . . and, if no objection is voiced to the introduction of hearsay evidence at a revocation hearing, a parolee cannot later challenge its admission. . . . Indeed, it is not the introduction of hearsay evidence at a revocation hearing which is error but the admission of hearsay over objection and without a finding of good cause. We believe, therefore, that the petitioner cannot succeed without a plea that he objected to the admission of the hearsay evidence and that it was admitted over his objection without a finding of good cause. And, because the petitioner here has not alleged any objection to the admission of the hearsay, we believe that he has failed to state a cause of action.

*Id.* at 431-32, 406 A.2d at 599 (citations omitted). We deem *Sinwell* to be dispositive of the issue here and, accordingly, conclude that Petitioner has lost his right to complain of the Board's use of the evidence without a good cause finding where he never objected to the evidence at the hearing. We note, in addition, that *Grello v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 252, 477 A.2d 45 (1984) does not compel a different result because the parolee there did object to the evidence presented.

We take a moment to add that the rule pertaining to the use of hearsay by certain administrative tribunals as set forth in *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976) is not applicable in probation and parole cases. The *Walker* rule states that hearsay evidence that is properly objected to is not competent to support a finding of fact, but hearsay evidence admitted without

objection will be given its natural and probative effect and may support a finding of fact if it is corroborated by any competent evidence in the record. *Walker* further states that a finding of fact based solely upon hearsay will not stand. The *Walker* rule is inapplicable to probation and parole cases because the Board had promulgated Regulation 71.5(d), which permits the introduction and reliance upon hearsay where the Board finds good cause for not allowing confrontation. We have previously indicated the inapplicability of *Walker* to probation and parole law. *See Vereen v. Pennsylvania Board of Probation and Parole,* 101 Pa. Commonwealth Ct. 63, 515 A.2d 637 (1986). Further, although we acknowledge that the right of a prisoner to cross-examine in a parole revocation hearing is a constitutional one, *see Morrissey v. Brewer,* 408 U.S. 471 (1972), that right can be waived upon a good cause finding. *Morrissey.* We therefore conclude that our refusal to apply the *Walker* standards is constitutionally sound.

Accordingly, based upon the foregoing discussion, the order of the Board is affirmed.[1]

ORDER

Now, March 1, 1988, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.

President Judge CRUMLISH concurs in the result.

---

[1] We feel compelled to comment that Petitioner's counsel's attempt to "amend" Petitioner's petition by attaching Ms. Becker's recantation is totally improper from a procedural standpoint. An appellate court is not the place for the introduction of evidence inasmuch as we have no factfinding power. The proper vehicle would have been for Petitioner to petition this Court to remand to the Board for a new hearing. *See York Tape and Label Corp. v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 163, 435 A.2d 305 (1981).