538 A.2d 147

Alen Jackson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs October 29, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Robert B. Stewart, III,* for petitioner.

*Timothy P. Wile,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, March 7, 1988:

Alen Jackson (petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief. We affirm.

While on parole from a robbery conviction, petitioner was arrested on June 27, 1983, by Board agents and charged with a multitude of technical parole violations. Petitioner was confined at the Philadelphia Detention Center to await his Board hearing. On August 6, 1983, during this period of confinement, petitioner was involved in an incident wherein he stabbed a fellow inmate.

On August 23, 1983, petitioner was arrested and charged with simple and aggravated assault, reckless endangerment, possession of an instrument of crime, and possession of an offensive weapon, as a result of the August 6, 1983 incident. Petitioner requested that his revocation hearing be continued until the disposition of his criminal charges. Petitioner was convicted on February 28, 1984, of aggravated assault and possession of an instrument of crime as a result of the stabbing incident and was sentenced to twenty-five (25) months to five (5) years. Petitioner's revocation hearing was held on August 17, 1984 and specifically, he received a total of forty-eight (48) months backtime, eighteen (18) months for the technical violations and thirty (30) months for his multiple convictions. The Board granted petitioner's request for relief under *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985), and reduced his backtime to forty-two (42) months.

Petitioner again requested administrative relief, this time from the Board's modified order and this request was denied on July 29, 1987. This appeal followed.

The issue before this Court is whether the petitioner was on parole as defined by the Parole Act (Act)[1] when he stabbed his fellow inmate. In reviewing a recommitment order of the Board, our scope of review is limited to determining whether the Board's order is supported by substantial evidence and is in accordance with law and whether any constitutional rights of the parolee have been violated. *Jones v. Pennsylvania Board of Probation and Parole*, 103 Pa. Commonwealth Ct. 602, 520 A.2d 1258 (1987).

The relevant section of the Act states:

Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator.

61 P.S. §331.21a(a).

Petitioner argues that since he was in confinement at the time of the stabbing that he was not "released from any penal institution" within the meaning of the Act and, therefore, the backtime received as a convicted parole violator was improper.

The Board counters petitioner's argument by stating that petitioner was on parole on the date of the stabbing incident because his parole had not been revoked, nor had he been recommitted as a parole violator. The petitioner was awaiting his revocation hearing for his techni-

---

[1] Act of August 6, 1941, P.L. 861, added by the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a(a).

cal violations when the stabbing incident occurred. Petitioner was clearly under the jurisdiction of the Board and was delinquent on parole. If petitioner was not delinquent on his parole, then he would never have been arrested by the Board agents and charged with the technical violations. The revocation of petitioner's parole was not effective until August 17, 1984, the day the Board issued its recommitment order. Therefore, the incident in question (August 6th), which served as the basis for petitioner's recommitment as a convicted parole violator, occurred while he was still on parole, within the meaning of the Act.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 7th day of March, 1988, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.