**Michael McCABE, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 1, 1997.

Decided Sept. 16, 1997.

William Ruzzo, Wilkes–Barre, for petitioner.

Arthur R. Thomas, Assistant Counsel, Harrisburg, for respondent.

Before COLINS, President Judge, FRIEDMAN, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Michael McCabe (McCabe) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that denied his request for administrative relief from a Board parole revocation order. The revocation order revoked his parole based on a technical parole violation and recommitted

him to serve thirty-six (36) months of backtime. We affirm.

McCabe, who is currently incarcerated at the State Correctional Institution at Dallas, was initially sentenced on March 1, 1984, to serve nine (9) to eighteen (18) years after pleading guilty to three (3) counts of involuntary deviate sexual intercourse. McCabe was paroled on August 20, 1993. On April 27, 1995, Board agents arrested McCabe and charged him with violating technical parole condition 5c for forcing a retarded man to have sex.[1]

A violation hearing was held on November 8, 1995, to determine whether McCabe should be recommitted as a technical parole violator. A parole agent testified that the victim, a patient at the Allentown State Hospital, was subpoenaed and that no release from the state hospital was anticipated in the foreseeable future. A letter from the State Hospital's psychiatric supervisor, Dr. D.P. Tran, was entered into evidence without objection. The letter stated that the victim was not medically stable enough to attend the hearing and that the stress would exaggerate the victim's suicidal tendencies. A notarized statement from the victim was also offered as evidence, but was entered into the record over McCabe's objection.

The hearing examiner found that Dr. Tran's letter established good cause for disallowing McCabe's confrontation of the victim. Based upon the parole agent's testimony, the doctor's letter and the victim's affidavit, the Board ordered McCabe to serve the thirty-six months backtime as a technical parole violator. McCabe filed an administrative appeal, arguing that the finding of a violation was not supported by substantial evidence and violated his right to confront witnesses testifying against him. The Board overruled McCabe's objections and McCabe now appeals to this Court.[2]

---

**1.** Condition 5c provides that McCabe must refrain from assaultive behavior.

**2.** Our scope of review is limited to a determination whether constitutional rights were violated, whether an error of law was committed, and whether findings of fact are supported by sub-

stantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Maxfield v. Pennsylvania Board of Probation and Parole*, 114 Pa.Cmwlth. 162, 538 A.2d 628 (1988). Moreover, the Board is required to prove parole violation by a preponderance of the evidence. *Id.*

Relying on *Jones v. Pennsylvania Board of Probation and Parole*, 103 Pa.Cmwlth. 602, 520 A.2d 1258 (1987), *Grello v. Pennsylvania Board of Probation and Parole*, 83 Pa.Cmwlth. 252, 477 A.2d 45 (1984), and *Razderk v. Pennsylvania Board of Probation and Parole*, 76 Pa.Cmwlth. 176, 463 A.2d 111 (1983), McCabe argues that the Board's decision is not based on substantial evidence because a decision to recommit a parolee as a technical parole violator may not be based solely on hearsay evidence. McCabe also argues that good cause was not established to allow the admission of the hearsay evidence provided by his accuser.

In response the Board relies on *Maxfield v. Pennsylvania Board of Probation and Parole*, 114 Pa.Cmwlth. 162, 538 A.2d 628 (1988), wherein the court quoted the opinion in *Sinwell v. Pennsylvania Board of Probation and Parole*, 46 Pa.Cmwlth. 429, 406 A.2d 597, 599 (1979), as follows:

> The right to confront and cross-examine ... can be waived ... and, if no objection is voiced to the introduction of hearsay evidence at a revocation hearing, a parolee cannot later challenge its admission.... Indeed, it is not the introduction of hearsay evidence at a revocation hearing which is error but the admission of hearsay over objection and without a finding of good cause. We believe, therefore, that the petitioner cannot succeed without a plea that he objected to the admission of the hearsay evidence and that it was admitted over his objection without a finding of good cause. And, because the petitioner here has not alleged any objection to the admission of the hearsay, we believe that he has failed to state a cause of action.

Central to the decisions in the *Jones, Grello* and *Razderk* opinions is the issue whether good cause existed to allow the entry into the record of hearsay evidence and, thus, to deny the parolee the right to confrontation. In *Jones,* an objected to laboratory report was held to be inadmissible hearsay because no letterhead or staff member's signature appeared on the document to evidence its regularity and reliability, i.e., no admission under the good cause exception. In both *Grello* and *Razderk,* objected to hearsay was held inadmissible because good cause was not shown to deny confrontation. However, in *Maxfield,* the parolee failed to object to the hearsay evidence and, therefore, the Board could rely on the evidence even in the absence of a finding of good cause.

To summarize, objected to hearsay cannot stand as the basis for a finding of a violation of a condition of parole unless there is a finding of good cause. Unobjected to hearsay can support a finding of a parole violation even without a finding of good cause. Moreover, we note that the United States Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2599–2600, 33 L.Ed.2d 484 (1972), stated that "revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." Further, in setting out the minimum requirements of due process for revocation hearings, the *Morrissey* court included "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Id.* at 489, 92 S.Ct. at 2604.

Here, McCabe did *not* object to the entry of Dr. Tran's letter concerning the victim's inability to testify. Thus, the letter can substantiate a finding of good cause to allow the victim's notarized statement of the assault into evidence. Even though McCabe objected to the entry of the victim's notarized statement, good cause was found to deny McCabe's right to confront his accuser. As recognized by the court in *Maxfield,* the right of a prisoner to cross-examine witnesses in a parole revocation hearing is a constitutional one, but that right is abrogated if good cause has been found by the hearing examiner.

Accordingly, the Board's order is affirmed.

### ORDER

NOW, September 16, 1997, the order of the Pennsylvania Board of Probation and Parole at No. 9173–R, mailed January 30, 1997, is affirmed.

FRIEDMAN, Judge, dissenting.

Although hearsay evidence may be admitted in probation and parole revocation hearings under certain circumstances, I do not believe that it was properly admitted here, and so I respectfully dissent.

In this case, the only evidence on the record to support a finding that Michael McCabe (McCabe) violated a technical parole condition and, thus, should be recommitted as a technical parole violator is the victim's notarized affidavit,[1] hearsay evidence which the hearing examiner admitted into the record over McCabe's objection. The hearing examiner found that Dr. Tran's letter regarding the victim's instability, to which McCabe did not object, established good cause for disallowing McCabe's confrontation of the victim. I agree that Dr. Tran's letter provided ample reason to excuse the victim from being present at the hearing. However, the majority takes this one step further, stating, "[h]ere, McCabe did *not* object to the entry of Dr. Tran's letter concerning the victim's inability to testify. Thus, the letter can substantiate a finding of good cause to allow the victim's notarized statement of the assault into evidence." (Majority op. at 599.)

Unlike the majority, I would not extend a finding of good cause for disallowing confrontation at the hearing into good cause for allowing the automatic admission of properly objected to hearsay evidence. Just because a witness cannot, for good cause, attend a revocation hearing does not mean that a parolee can be found in violation of a condition of parole based solely on hearsay evidence where there has not been a finding of "good cause" for *admitting* that evidence. Good cause for denying confrontation does not establish an exception to the hearsay rule and, thus, does not provide an independent basis for admitting otherwise inadmissible evidence. *See Jones v. Pennsylvania Board of Probation and Parole*, 103 Pa.Cmwlth. 602, 520 A.2d 1258 (1987) (holding that a laboratory report is admissible under the good cause exception in parole revocation proceedings only if it contains indicia of regu-

larity and reliability); *Grello v. Pennsylvania Board of Probation and Parole*, 83 Pa. Cmwlth. 252, 477 A.2d 45 (1984) (noting that finding good cause to permit absence from a parole revocation hearing does not signify finding good cause for accepting hearsay testimony).

Further, even if the affidavit were properly admitted, I believe that the Board erred in basing its decision to recommit McCabe as a technical parole violator solely on this hearsay evidence. *Grello; Jones.*

Accordingly, I would reverse the Board's order and, to the extent that any of the cases relied upon by the majority compel a contrary result, I would conclude that those cases misconstrue the good cause requirement.

---

1. Neither the parole agent's testimony nor Dr. Tran's letter had any bearing on McCabe's technical parole violation; instead, they merely accounted for the victim's absence from the parole revocation hearing.