J-S42009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSHUA LEE STEVENS :
:
Appellant : No. 716 WDA 2022

Appeal from the Judgment of Sentence Entered May 20, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001478-2020

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: January 19, 2023**

Joshua Lee Stevens appeals his May 20, 2022 judgment of sentence,

which was entered after the trial court revoked his parole.[1]  We affirm.

We glean the factual and procedural history of this matter from the

certified record.  On July 13, 2020, Appellant was being discharged from the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The authority to parole has been divided between the courts of common pleas and the Pennsylvania Parole Board ("the Board"), with the trial courts having authority to parole offenders sentenced to a maximum term of imprisonment of less than two years and the Board possessing the authority to parole defendants with maximum terms of two years or more.  ***See Commonwealth v. Kalichak***, 943 A.2d 285, 290 n.6 (Pa.Super. 2008).  This authority originally derived from § 17 of the former Parole Act, which was repealed effective October 13, 2009.  ***See*** 61 P.S. § 331.17.  Currently, the authority to parole is delineated pursuant to 61 Pa.C.S. § 6132, which reaffirms that trial courts maintain the authority to parole, *inter alia*, "persons sentenced for a maximum period of less than two years[.]"  61 Pa.C.S. § 6132(a)(2)(ii).

Millcreek Community Hospital in Erie, Pennsylvania. A uniformed and armed security officer was assisting. Appellant "did not want to leave" and attempted to take the officer's sidearm, while stating: "[H]ow about I shoot you in the face with your gun." Affidavit of Probable Cause, 7/13/20, at 1. Ultimately, Appellant entered an open guilty plea to disarming a law enforcement officer and terroristic threats and admitted to the above-recited facts. On January 20, 2021, he was sentenced to eleven to twenty-three months of incarceration in connection with the disarming charge and a consecutive two-year term of probation as to terroristic threats.

The trial court paroled Appellant effective June 12, 2021. We gather that his supervision was transferred to Fayette and Montgomery Counties, before it was returned to the Erie County Probation Department ("the Department") as of January 3, 2022. There is no written revocation petition in the certified record. However, the transcripts indicate that the Commonwealth sought to revoke Appellant's parole on the basis that he, *inter alia*, failed to contact the Department between January 3 and April 18, 2022, when he was apprehended on a bench warrant. A ***Gagnon I*** hearing was held on May 17, 2022, and a ***Gagnon II*** hearing was held on May 20, 2022.[2]

In support of its allegations, the Commonwealth presented testimony from an Erie County probation supervisor, Symphony Fowler, who did not

_____

[2] ***See Gagnon v. Scarpelli***, 411 U.S. 778 (1973) (concluding that due process requires that a parolee be afforded a preliminary (***Gagnon I***) and a final (***Gagnon II***) hearing prior to the revocation of parole).

- 2 -

directly oversee Appellant's parole but testified instead of Appellant's probation officer, who was on leave. *See* N.T. *Gagnon II* Hearing, 5/20/22, at 12. Relying upon documentation from the Department and her supervision of Appellant's probation officer, Ms. Fowler testified without objection that Appellant had failed to contact the Department for a period of four months, despite being directed to do so. *Id*. at 12-13 ("We have contacted him on multiple occasions and he failed to give us an accurate phone number for him. Every number that we had was disconnected."). Specifically, Ms. Fowler averred the Department had attempted, unsuccessfully, to reach Appellant by phone every two weeks between January and April 2022. *Id*. at 14. Ms. Fowler reported that Appellant made only one attempt to contact the Department on March 28, 2022, when he called and informed them that he was attending a "Christian ministry center" somewhere in Washington County. *Id*. at 16. However, this purported center's phone number was disconnected when the Department called it. *Id*.

During Ms. Fowler's testimony, she alluded to unspecified "concerns" raised by Montgomery County pertaining to its supervision of Appellant. *Id*. at 13. In response, Appellant's counsel objected as follows: "Your Honor, I would object to anything that the Montgomery County [probation officer] told a different probation officer other than this one as hearsay." *Id*. The trial court overruled the objection and permitted such testimony for the limited purposes of "background information," but stated that it would not consider

this information for the purposes of its revocation determination. *Id*. Ultimately, no such hearsay testimony was adduced by the Commonwealth.

Appellant also briefly testified, averring that his failure to report was the result of a miscommunication between different probation departments. *Id*. at 18-19. However, Appellant offered no explanation for his failure to provide proper contact information or respond to the Department's communications.

Ultimately, the trial court found that Appellant had violated the terms of his parole and entered an order revoking the same. *See* Revocation Order, 5/20/22. Appellant filed a motion for reconsideration, which for the first time raised an allegation that Ms. Fowler's testimony, in its entirety, was hearsay because she had not directly supervised Appellant. *See* Motion to Reconsider, 5/27/22, at ¶¶ 10-12. This portion of Appellant's post-sentence motion was denied by order dated June 8, 2022. On June 15, 2022, Appellant filed a timely notice of appeal to this Court. Both Appellant and the trial court have complied with their respective obligations pursuant to Pa.R.A.P. 1925.

Appellant has raised a single issue for our consideration: "Whether the trial court abused its discretion in revoking [Appellant's] parole by permitting the Commonwealth to introduce hearsay testimony to establish [Appellant] committed violations of the conditions of his parole?" Appellant's brief at 3.

We bear the following basic legal principles in mind:

> Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed,

original sentence. At some point thereafter, the defendant may again be paroled.

Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion.

**Commonwealth v. Kalichak**, 943 A.2d 285, 290 (Pa.Super. 2008) (cleaned up). Thus, "[w]e will not disturb the trial court's decision absent an error of law or abuse of discretion." **Commonwealth v. Reed**, ___ A.3d ___, 2022 WL 16704702 at *2 (Pa.Super. Nov. 4, 2022) (cleaned up).

It is well-established that, "in the absence of good cause sufficient to abridge a defendant's rights of confrontation and cross-examination, an order revoking parole may not rest solely on inadmissible hearsay evidence." **Commonwealth v. Joraskie**, 519 A.2d 1010, 1011 (Pa.Super. 1987). However, "it is not the introduction of hearsay evidence at a revocation hearing which is error but the admission of hearsay **over objection** and without a finding of good cause[.]" **Sinwell v. Commonwealth, et al.**, 406 A.2d 597, 599 (Pa.Cmwlth. 1979) (emphasis added).[3] Moreover, this Court has held that "objections not raised during a counseled revocation proceeding will not be considered on appeal[.]" **Reed**,

---

[3] This Court's "settled precedent permits us to cite the holdings of our brethren in the Commonwealth Court where it is persuasive and expedient," although we are not bound by such decisions. **Commonwealth v. Hunt**, 220 A.3d 582, 590 n.6 (Pa.Super. 2019).

*supra* at *2; *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Appellant maintains that Ms. Fowler testified "with absolutely no firsthand knowledge" of Appellant's supervision or parole violations. *Id*. at 7. However, Appellant did not raise this objection during his *Gagnon II* hearing. Rather, his contemporaneous objection to hearsay pertained only to testimony regarding information relayed to Ms. Fowler concerning Appellant's supervision in Montgomery County. *See* N.T. *Gagnon II* Hearing, 5/20/22, at 13. As this Court has explained, "[a] party complaining, on appeal, of the admission of evidence in the court below will be confined to the specific objection there made." *Commonwealth v. Lopez*, 57 A.3d 74, 81 (Pa.Super. 2012). Accordingly, "[i]f counsel states the grounds for an objection, then all other unspecified grounds are waived and cannot be raised for the first time on appeal." *Id*. at 82. Thus, Appellant's stated objection during his *Gagnon II* hearing did not properly preserve this issue. Furthermore, his motion for reconsideration is also insufficient to preserve this issue. *See*, *e.g.*, *Commonwealth v. Spotz*, 18 A.3d 244, 320 (Pa. 2011) (holding that criminal defendant waived issue raised for the first time in a motion for reconsideration filed after the court had issued its initial ruling).

Based on the foregoing, we conclude Appellant's sole claim for relief is waived. *See* Pa.R.A.P. 302(a); *Reed*, *supra* at *2.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2023