IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher A. Tevis,              :
          Petitioner      :
                          :   No. 1029 C.D. 2021
      v.                :
                          :   Submitted: July 22, 2022
Pennsylvania Parole Board,    :
          Respondent   :

*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
PER CURIAM                               FILED: February 3, 2023

Christopher A. Tevis (Tevis) petitions for review from the decision of the Pennsylvania Parole Board (Board) mailed August 13, 2021, which denied his administrative appeal of a Board decision recommitting Tevis to a state correctional institution (SCI) to serve 30 months backtime as a convicted parole violator (CPV). Upon review, we affirm.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On December 16, 2014, Tevis was sentenced to 5 to 10 years' imprisonment for intimidation of a witness. (Certified Record (C.R.) at 1.) Tevis' sentence began on September 7, 2011, and his maximum sentence date was September 7, 2021. (C.R. at 2.) On September 29, 2016, Tevis was paroled. (C.R. at 7-8.)

On February 21, 2019, Tevis was arrested and charged with robbery, theft by unlawful taking, criminal mischief, and terroristic threats. (C.R. at 20-24, 106, 109.) Tevis failed to post bail on these new charges. (C.R. at 105-06.) On February 26, 2019, the Board issued a warrant to commit and detain Tevis. (C.R. at 15.) On March 4, 2019, the Board issued a Notice of Charges and Hearing, seeking to detain Tevis

based upon his new charges. (C.R. at 16-17.) On March 22, 2019, the Board issued a decision detaining Tevis pending the disposition of his new charges. (C.R. at 26.)

On October 7, 2019, Tevis pled guilty to one count of robbery and all other charges were withdrawn by the Commonwealth. (C.R. at 34-35, 114.) On November 16, 2019, the Board issued a notice for a revocation hearing based on Tevis' new conviction. (C.R. at 27.) Attorney Paul Verduci of the Chester County Public Defender's Office (Attorney Verduci) entered his appearance for Tevis and waived a panel hearing. (C.R. at 29-30.) The Board scheduled Tevis' revocation hearing for December 2, 2019. (C.R. at 59.) On November 25, 2019, Attorney Verduci requested a continuance for the revocation hearing until Tevis received his sentence on his robbery conviction. (C.R. at 58.) The Board rescheduled the revocation hearing for December 16, 2019. (C.R. at 59.)

On December 13, 2019, Tevis was sentenced to one to three years' imprisonment and a consecutive term of two years' probation. (C.R. at 46, 109-110, 114.) The trial court ordered Tevis to pay restitution, receive a mental health and drug and alcohol evaluation, and receive credit for time served from February 21, 2019 through December 13, 2019. (C.R. at 46, 109.) On December 16, 2019, Attorney Verduci sought a second continuance of the revocation hearing to afford additional time to review the case with Tevis. (C.R. at 60.) The Board rescheduled the hearing for December 30, 2019. *Id.*

During the revocation hearing, Parole Agent Howard White offered a certified copy of the sentencing sheet of Tevis' new conviction and Tevis' guilty plea colloquy. (C.R. at 35-45, 46, 68.) Attorney Verduci did not object to these records and the hearing examiner admitted them into evidence. (C.R. at 69.) Attorney Verduci acknowledged the new conviction and noted that the sentence imposed for the new conviction fell within the mitigated range for robbery. (C.R. at 70-71.) Additionally, Attorney Verduci offered mitigating evidence regarding Tevis' work history, prior

2

citations, marijuana use, and mental health issues, including childhood trauma, dissociative episodes, and treatment. (C.R. at 71-88.) Parole Agent White testified regarding Tevis' prior parole agent's statements and interactions concerning Tevis' marijuana use. (C.R. at 78.) Parole Agent White further testified that "there was a certain level of presence of mind" on the day of the robbery because Tevis "locked the main door to the store, questioned about the camera system, and then went to the store office and started disconnecting and dismantling the computer and camera systems." (C.R. at 88.) Attorney Verduci did not object to Parole Agent White's testimony. Thereafter, the hearing examiner closed the record. (C.R. at 89.)

The Board issued an order to recommit, which identified September 29, 2016, as the original parole date and September 7, 2021, as the original maximum date. (C.R. at 123.) At the time of his release on parole, Tevis had 1,804 days remaining on his sentence. *Id.* The Board noted that Tevis would receive credit from September 26, 2016, to September 25, 2017, a period of 364 days, and his new maximum sentence date is December 17, 2023. *Id.* The Board issued a decision, mailed on May 22, 2020, explaining that Tevis was recommitted as a CPV to serve 30 months backtime for a "[c]onviction in a court of record established, new charges serious/assaultive, considered a threat to the safety of the community." (C.R. at 125.) The Board stated Tevis would be eligible for re-parole on July 7, 2022. *Id.*

On June 12, 2020, Tevis through new counsel, Attorney Jessica Fiscus of the Erie County Public Defender's Office, filed an administrative remedies form. (C.R. at 131.) On June 25, 2020, counsel submitted Tevis' amended request for administrative relief, which incorporated all issues previously raised in the prior administrative remedies form, including additional mitigating factors. (C.R. at 132,

3

135-40.) On August 13, 2021, the Board issued a decision affirming its decision recorded on May 7, 2020.[1] (C.R. at 172.) Thereafter, this appeal followed.

## II. ISSUES

On appeal,[2] Tevis asserts that he was denied due process when the Board considered the impermissible testimony and evidence from Parole Agent White. (Petitioner's Br. at 18.)

## III. DISCUSSION

Tevis cites *Morrissey v. Brewer*, 408 U.S. 471 (1972), and asserts that the Board denied him the most basic protections of due process because the hearing examiner "heard and ultimately considered impermissible testimony and received improper evidence on three occasions from Agent White." (Petitioner's Br. at 22.) Tevis notes that *Morrissey* mandates that he "have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." (Petitioner's Br. at 20.) Tevis further cites *Majors v. Pennsylvania Board of Probation & Parole*, 808 A.2d 296, 298 (Pa. Cmwlth. 2002), and *Grello v. Pennsylvania Board of Probation & Parole*, 477 A.2d 45 (Pa. Cmwlth. 1984), and argues the Board erred because the "hearing examiner did not make a determination that the witness to those events was unavailable or that other good cause existed for his/her absence." (Petitioner's Br. at 24.)

---

[1] We note that there are two typographical errors in the Board's August 13, 2021 decision, in which the Board refers to Tevis as both "Mr. T**r**evis" and "Mr. **Burkett**." (C.R. at 172) (emphasis added).

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the decision was in accordance with law, or whether the necessary findings of fact were supported by substantial evidence. *Shaw v. Pa. Bd. of Probation & Parole*, 812 A.2d 769, 772 n.4 (Pa. Cmwlth. 2002).

4

In Pennsylvania, the "rules of evidence are not strictly applicable in recommitment proceedings." *Majors*, 808 A.2d at 298. "[D]ocumentary evidence and reports, including, but not limited to, depositions, written interrogatories, affidavits, laboratory reports, business records, public records, official records, and letters rotatory, may be utilized solely, if the panel or examiner is satisfied as to their authenticity, relevancy, accuracy, and reliability." 37 Pa. Code §71.5(b). Additionally, both the Board's regulations and the federal constitution require that a parolee be permitted to confront and cross-examine those upon whose statements the Board relies in revoking parole unless a specific finding of good cause for not allowing confrontation is made by the Board or its designee. *See Morrissey*; 37 Pa. Code §71.2(11)(iv). Further, "[i]n parole violation hearings, where a witness is unavailable, hearsay is admissible over the objection of the parolee's counsel and can form the basis for finding a violation of a condition of parole when the Board finds good cause for denying the parolee his rights of confrontation and cross-examination." *Majors*, 808 A.2d at 298. Importantly, the right to confrontation and cross-examination can be waived if no objection is voiced to the introduction of hearsay evidence at a revocation hearing. *Sinwell v. Pa. Bd. of Probation and Parole*, 406 A.2d 597, 599 (Pa. Cmwlth. 1979) (internal citations omitted). If no objection is voiced to the introduction of hearsay evidence at a revocation hearing, a parolee cannot later challenge its admission. *Id.* "Indeed, it is not the introduction of hearsay evidence at a revocation hearing which is error but the admission of hearsay over objection and without a finding of good cause." *Id.*

Our review of the record compels us to conclude that Tevis waived his right to confront and cross-examine because he did not object to the introduction of Parole Agent White's testimony *during the revocation hearing*. In the administrative

5

appeal process, Tevis and his counsel argue for the first time that Parole Agent White's testimony was hearsay and was inadmissible. In his argument, Tevis offers no explanation as to why no objection to Parole Agent White's testimony was made before the hearing examiner. Therefore, we conclude that Tevis has waived his right to confront and cross-examine, and thus, the Board did not deny Tevis his due process rights.

Lastly, we must note that the cases Tevis relies on in his brief, *Majors*, 808 A.2d 296, and *Grello*, 477 A.2d 45, are distinguishable because those cases involve parolees recommitted as **technical parole violators** whereas Tevis was recommitted as a **CPV**. This Court held previously that certified copies of a parolee's convictions are sufficient, **by themselves**, to support the parolee's recommitment as a CPV. *Chapman v. Pa. Bd. of Probation and Parole*, 484 A.2d 413, 416 (Pa. Cmwlth. 1984). Here, a certified copy of Tevis' sentencing sheet and his guilty plea colloquy were admitted into evidence without objection during the revocation hearing. (C.R. at 69.) Moreover, Tevis acknowledged his new conviction. (C.R. at 70.) Despite Tevis' mitigation factors, the Board noted in its decision mailed May 22, 2020, that it relied on "[Tevis'] acknowledgement and the evidence presented at the hearing to support the recommitment term." (C.R. at 171.) Therefore, Tevis' certified sentencing sheet and guilty plea colloquy were sufficient to support the Board's decision to recommit him as a CPV.

## IV.   CONCLUSION

Based on the foregoing, we conclude that the Board did not deny Tevis due process rights. Accordingly, we affirm the Board's August 13, 2021 Order.

6

Christopher A. Tevis, :
        Petitioner :
: No. 1029 C.D. 2021
     v. :
:
Pennsylvania Parole Board, :
        Respondent :

***PER CURIAM***

***ORDER***

AND NOW, this 3rd day of February, 2023, the Order of the Pennsylvania Parole Board mailed August 13, 2021 is hereby AFFIRMED.